IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARENCE AUSTIN,

                    ORDER

              Plaintiff,

                    11-cv-114-bbc

      v.

DANE CAPITAL, JUDGE MUER,
BARBARA B. CRABB, UW HOSPITAL
MENTAL HEALTH, OTHERS,
POLICE MADISON, GOVERNMENT SQARE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Clarence Austin, a resident of Madison, Wisconsin, has filed a proposed civil action for monetary relief. Plaintiff asks for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit plaintiff has given the court, I conclude that plaintiff is unable to prepay the fee for filing this lawsuit.

The next step is determining whether plaintiff's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The following is an excerpt of plaintiff's complaint:

1

I'M NOT YET HERE TO GET BACK MY SANDWHICH AND AS OF YET YOU ALL HAVE TO FIND OUT WHO WAAS THE PERSON WHO GAME ME A HOMO SEXUAL GLARE WITH ME KNOWING I HAD TWO GET MY WHOLE ENTIRE LIFE NOW I'M HERE WITH YOU AND NOT YET NOW THAT MY INNOCENTS CAN FINALY BE PROVE IN WHAT HAPPEN CONCERNEN THE EXACT TIME AND DATE AS TO WHEN AM I SCHEDULE TO RETURN COME IN THE LIBRARY BOTH BRANCHES  NEAR ALL OF THEM NOW THERE SHOULD BE SOME IMPOSE PENALTY FOR THIS HECTIC ASSAULT AND BATTERIE WITH MURDER INCLUDED IN IT WITH CLARENCE AUSTIN BEING THE INTENDED VERDICT VICTOM ALLEDG HAVEN  BEN IN THE FACULTY CLAIMEN GANGSTA IN THE LIBRARY WITH TWO MUCH OIL ON.

As with some of plaintiff's previous complaints in ths court, this complaint is rambling and it is very difficult to tell what plaintiff alleges the named defendants in this case did to violate his rights.  (For instance, although I am listed as a defendant in the caption, plaintiff does not say anything about what I have done to warrant inclusion as a defendant, so there is no reason to consider recusal at this point.)  From the complaint and the documents attached to it, plaintiff seems to want to bring claims against Madison library staff for banning him from the library, even though he does not name library staff members as defendants.  Plaintiff also seems to want to bring claims against staff at the Oakhill Correctional Institution and University of Wisconsin Hospital for "poisoning him." However, at this point his allegations are so difficult to understand that I will dismiss it under Fed. R. Civ. P.  8 and give him another chance to clarify his claims.

Fed. R. Civ. P. 8(a)(2), requires a complaint to include "a short and plain statement

2

of the claim showing that the pleader is entitled to relief." This complaint does not satisfy Rule 8 because a defendant would not be able to understand what he or she did to injure plaintiff. Plaintiff is free to file an amended complaint that more clearly explains his claims. If plaintiff decides to file an amended complaint, he should write it as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?

- What did defendants do that makes them liable for violating plaintiff's rights?

- How was plaintiff injured by defendants' conduct?

In addition, plaintiff may encounter problems under Fed. R. Civ. P. 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim of relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed.1978). Plaintiff should be warned that he will almost certainly not be able to proceed on claims against both Madison library staff and prison or UW hospital staff in this single lawsuit because it is very unlikely that these claims are related.

Finally, plaintiff should be sure to list as defendants the people who he believes has injured him.  As he has been warned in other cases, he should not name buildings or other "places" as defendants; for instance, "Dane Capital" is listed as a defendant in the current complaint, but it is not an entity that is capable of being sued.

Plaintiff may have until April 5, 2011 in which to file an amended complaint to repair the Rule 8 problems I have identified.  If he fails to do so by then, I will order the case closed for plaintiff's failure to prosecute it.

ORDER

IT IS ORDERED that

1.  Plaintiff Clarence Austin's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2.  Plaintiff may have until April 5, 2011, in which to submit a proposed amended complaint that conforms to the requirements Fed. R. Civ. P. 8.  If, by April 5, 2011, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's

4

failure to prosecute.

Entered this 16th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge